# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT PHELPS,

        Petitioner,   :   Case No. 2:23-cv-1697

 - vs -                     District Judge Edmund A. Sargus, Jr.
                               Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN, Chillicothe
  Correctional Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Robert Phelps under 28 U.S.C. § 2254 to obtain relief from his conviction in the Fairfield County Court of Common Pleas. The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 4), and the Return of Writ (ECF No. 5). Magistrate Judge Bowman set a deadline for Petitioner to file a reply, but he has not done so and the time allowed has expired.

Pursuant to notice from Petitioner that he has been transferred to the Chillicothe Correctional Institution, Tim Shoop, the Warden who now has custody of Petitioner, is substituted as Respondent and the caption is ordered amended as set forth above.

**Litigation History**

On August 30, 2019, the Fairfield County Grand Jury returned an eighty-four count indictment against Petitioner charging him with a large number of drug offenses and engaging in a pattern of corrupt activity. Several counts had major drug offender and/or firearm specifications attached (Indictment, State Court Record, ECF No. 4, Ex. 1).

On December 22, 2020, Petitioner withdrew his former plea of not guilty and entered a negotiated plea of guilty to reduced charges of twelve counts of aggravated drug trafficking, the engaging in corrupt activity charge in Count Eighty-Four, and the major drug offender specifications attached to Counts One through Four. *Id.* at Ex. 21. The trial court then imposed the jointly-recommended sentence of fifteen years imprisonment. *Id.* at Ex. 22.

Phelps then appealed to the Ohio Fifth District Court of Appeals. *Id.* at Ex. 23. That court affirmed his conviction. *State v. Phelps*, 2022-Ohio-3025 (Ohio App. 5th Dist. Aug. 30, 2022). The Supreme Court of Ohio declined jurisdiction over a further appeal. *State v. Phelps,* 168 Ohio St.3d 1458 (2022).

Phelps filed his Petition for Writ of Habeas Corpus in this Court on May 22, 2023, pleading the following grounds for relief:

> **Ground One**: Robert Phelps did not knowingly, intelligently, and voluntarily plead guilty, in violation of his Due Process Rights under the 5th and 14th U.S. Constitutional Amendment along with this 16th.
>
> When Mr. Phelps was not informed that he would be tried by an impartial jury of his peers in the County in which the offense was alledged [sic] to have been committed.
>
> Phelps NEVER COMMITED [sic] A CRIME where there [sic] Accusing him of.

2

> **Ground Two**: Phelps Speedy Trial Rights were violated which is his 6th U.S. Constitutional Amendment.
>
> There was over a year of delay outside of defendants [sic] motions.
>
> **Ground Three**: Phelps received ineffective assistance of counsel, in violation of the 6th U.S. Const. Amendment.
> For not raising substantial issues that would have changed the out come of the plea and sentence. Such AS HIS INDOOR CAMARS WAS TAPPED INTO AND THAT'S where 99% of EVIDENCE CAME FROM. [sic]

(Petition, ECF No. 1).

## Analysis

Respondent asserts all of Petitioner's Grounds for Relief are procedurally defaulted because Petitioner did not fairly present them to the Ohio courts (Return of Writ, ECF No. 5, PageID 276). Petitioner has not responded to that argument either with a showing of fair presentation or with excusing cause and prejudice.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal

3

habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

4

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

**Ground One:  Involuntary Guilty Plea Because of Improper Venue**

In his First Ground for Relief, Petitioner asserts his guilty plea was involuntary because he was never advised he was entitled to a trial by a jury of his peers in the county where the crimes allegedly occurred and he never committed any crimes in that county.

The Magistrate Judge construes this as a claim that venue in Fairfield County was improper.  The Indictment alleges that the offenses occurred in Fairfield County or "venue being properly placed there pursuant to §2901.12(H)."  Petitioner raised this issue by moving for a change of venue in the trial court, but the Fifth District Court of Appeals, in deciding Petitioner's first assignment of error on direct

5

appeal, held Phelps had abandoned the issue by "tabling" that motion and then pleading guilty. *State v. Phelps, supra*, at ¶¶ 20-31. Petitioner pursued this issue by including it in his first Proposition of Law on appeal to the Supreme Court of Ohio (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 30).

The Magistrate Judge concludes Petitioner has procedurally defaulted this claim by "tabling" the motion for change of venue and then pleading guilty, thereby admitting the facts in the Indictment. To put it another way, the Fifth District's opinion is not an unreasonable application of United States Supreme Court precedent on valid guilty pleas and is therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

Additionally, Petitioner did not present this claim to the Fifth District as a stand-alone federal constitutional claim, but rather as a state right that was protected by the Due Process Clause of the Fourteenth Amendment.

> Specifically, Section 10, Article I of the Ohio Constitution indicates that a defendant has a right to be tried by an impartial jury of the county in which the offense is alleged to have been committed. *State v. Pausch,* Tenth Dist., Franklin App. No. 98AP-1096, 1999 WL 35352 (Jan. 29, 1999). This provision requires that a defendant be tried by a jury comprised of residences [sic] of the county where an offense occurred. *City of Columbus v. Bidlack,* Tenth Dist., Franklin App. No. 99AP-1412, 2000 WL 1072413 (Aug. 1, 2000).
>
> * * *
>
> This aspect of the right to a jury trial, recognized by the state of Ohio, is elevated as part of an individual's federal constitutional rights due to the fact that it is a right attached to all citizens of the state of Ohio. See e.g., *Howard v. Grinage,* 82 F.3d 1343, 1349 (6th Cir. 1996).

(Appellant's Brief, State Court Record, ECF No. 4, Ex. 26, PageID 124-25). The Fifth District did not discuss this constitutional claim and is therefore presumed to have rejected it. It is in any event without merit. *Grinage* does not hold that any state-created right that applies to all of the citizens of a State is thereby elevated to being a right protected by the Fourteenth Amendment nor is there any other Sixth Circuit or Supreme Court precedent to that effect of which the Magistrate Judge is aware.

6

Phelps did not carry this state-right elevated to 14th Amendment right argument forward to the Ohio Supreme Court. Instead he claimed the venue was wrong "in violation of the Sixth Amendment of the U.S. Constitution." (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, PageID 193). While the Sixth Amendment does require that a defendant be tried in the "State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," Petitioner presented no argument in terms of this clause. Mere mention of the "Sixth Amendment" is no more an argument than talismanic phrases like "due process" and "fair trial." See *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Ohio law expressly permit venue for trial in any jurisdiction defined by Ohio Revised Code § 2901.12(H). An allegation that venue was proper under that section of the Revised Code was included in the indictment. The Fifth District recognized that venue was a contested issue and would have been tried if the case had gone to trial. It also found that the trial court had adequately advised Phelps of the rights associated with trial by jury in accepting his waiver. There are of course many rights associated with the right to trial by jury, all of which are waived by a guilty plea. On the merits, Petitioner's first ground for relief comes down to the question of how detailed the recitation of associated rights must be. Petitioner points to no Supreme Court precedent holding that, for example, a trial judge must explain the right to peremptory challenges or to

7

extensive voir dire. Given that lack of cited authority, the Fifth District's decision on the merits is entitled to deference under 28 U.S.C. § 2254(d)(1).

Petitioner's First Ground for Relief should therefore be dismissed as procedurally defaulted or on the merits.

**Ground Two: Denial of Right to a Speedy Trial**

In his Second Ground for Relief, Petitioner asserts he was denied his constitutional right to a speedy trial.

Respondent asserts this claim is procedurally defaulted by failure to fairly present it to the Supreme Court of Ohio (Return of Writ, ECF No. 5, PageID 290). To the contrary, the Magistrate Judge finds Petitioner claimed in his Second Proposition of Law that his constitutional speedy trial rights had been violated (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 30, PageID 193).

However, the Fifth District Court of Appeals found this claim was waived by Petitioner's guilty plea. *Phelps, supra*, at ¶ 35. That is an adequate and independent state ground of decision and Petitioner has offered no excusing cause and prejudice. Ground Two is therefore procedurally defaulted.

Respondent also asserts the Fifth District's decision on this claim is entitled to AEDPA deference (Return of Writ, ECF No. 5, PageID 290). That decision is as follows:

> {¶33} In his second assignment of error, appellant argues the trial court violated his constitutional right to a speedy trial. We disagree.
>
> {¶34} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a

8

fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶35} Appellant entered a guilty plea in the instant case. Where an accused enters a plea of guilty, he waives his right to raise the denial of his right to a speedy trial on appeal. *State v. Carroll*, 5th Dist. Coshocton No. 2021CA0020, 2021-Ohio-3937, ¶ 11, *appeal not allowed,* 166 Ohio St.3d 1415, 2022-Ohio-554, 181 N.E.3d 1213, citing *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986); *State v. Lichtenwalter*, 5th Dist. Guernsey No. 20CA000013, 2021-Ohio-1394, ¶ 34.

{¶36} Moreover, appellant's argument fails on its merits. He summarily asserts that a delay of more than a year is presumptively prejudicial, citing *Doggett v. United States,* 505 U.S. 647, 652 (1991). In determining whether a constitutional speedy-trial violation exists, the reviewing court must balance four factors: "the length of the delay, the reason for the delay, the accused's assertion of his or her right to a speedy trial, and the prejudice to the accused as a result of the delay." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530-531.

{¶37} The accused must make a threshold showing of a "presumptively prejudicial" delay to trigger an analysis of the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Post-accusation delay approaching one year is generally found to be presumptively prejudicial. *Doggett* at fn. 1.

{¶38} In the instant case, however, while the delay is presumptively prejudicial, appellant does not attempt to address the remaining *Barker* factors. We find the reason for the delay is almost entirely attributable to appellant's own motions. A delay of only 30 days is due to the trial court's sua sponte continuance of the motion to suppress for reasons related to the Covid-19 pandemic, which we find entirely reasonable. See, *State v. Beal*, 5th Dist. No. 21CA3, 2021-Ohio-3812, 179 N.E.3d 75.

9

> {¶39} Appellant never asserted his right to a speedy trial, and such an assertion would have been inconsistent with his endeavors to retain new counsel, new counsel's request to review discovery, and the ensuing plea negotiations. Moreover, appellant does not argue he sustained any prejudice from the delay and we do not discern any prejudice from the record.
>
> {¶40} In light of the significant tolling events that took place including motions appellant filed and continuances he sought, and the COVID-19 pandemic, we find appellant was brought to trial well within his statutory speedy-trial time.
>
> {¶41} Appellant's second assignment of error is overruled.

*Phelps, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The relevant Supreme Court decisions on speedy trial are *Barker* and *Doggett*, as the Fifth District recognized. Petitioner has offered no argument as to why the Fifth District's application of *Barker* and *Doggett* is unreasonable and the Magistrate Judge finds it completely reasonable. The delay was largely attributable to Petitioner. To the extent it was due to the COVID-19 pandemic, that world-wide health crisis required adaptation, including remote access rulemaking, technology, and adjustment of procedure. Finally, Petitioner has shown no prejudice.

Ground Two should be dismissed as procedurally defaulted and on the merits.

**Ground Three:  Ineffective Assistance of Counsel**

In his Third Ground for Relief, Petitioner claims he received ineffective assistance of counsel when his attorney did not raise a claim that most of the evidence against him had been obtained from cameras inside his home.

Under the Sixth Amendment, a criminal defendant is entitled to the effective assistance of counsel both in the trial court and on direct appeal of right.  *Gideon v. Wainwright,* 372 U.S. 335 (1963); *Evitts v. Lucey*, 469 U.S. 387 (1985).  The Petition does not make clear which level this claim is directed to.  On direct appeal Petitioner claimed he received ineffective assistance of trial counsel when his trial attorney did not raise arguments regarding merger of offenses and speedy trial, but not about unlawful seizure of evidence.  At some point in time, one of Petitioner's trial attorneys filed a motion to suppress which has not been included in the filed State Court Record and which apparently was never heard or decided before Petitioner pleaded guilty.  Because at least one of Petitioner's trial attorneys did raise seizure of evidence issues, the Magistrate Judge will construe the Petition as claiming Petitioner received ineffective assistance of appellate counsel.

In Ohio the proper method for raising a claim of ineffective assistance of appellate counsel is by filing an application to reopen the appeal under Ohio R. App. P. 26(B).  See *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  Petitioner filed a 26(B) Application in which he raised, *inter alia*, appellate counsel's failure to raise a claim about invasion of privacy (Application, State Court Record, ECF No. 4, Ex. 36).

Acknowledging that the 26(B) Application was timely, the Fifth District nonetheless held it was formally insufficient including by way of its reference to matters outside the appellate record

(Judgment Entry, State Court Record, ECF No. 4, Ex. 37).

The requirement that presentation of a claim of ineffective assistance of appellate counsel include reference to evidence the deciding tribunal is allowed to consider as well as argument about why including a particular assignment of error would have been meritorious is an adequate and independent state ground of decision. Moreover, Petitioner never appealed from denial of his 26(B) Application to the Ohio Supreme Court and cannot now do so because of time limits on such an appeal. That time limitation is also an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Therefore Ground Three is barred by Petitioner's unexcused procedural defaults in presenting it to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 21, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
